**OKLAHOMA ALCOHOLIC BEVERAGE CONTROL BOARD, Plaintiff in Error,**

v.

**Joseph C. MUSKRAT and Mary Betty Taylor, Trustee, d/b/a Economy Wholesale Company, Defendants in Error.**

**No. 42760.**

Supreme Court of Oklahoma.

Feb. 9, 1971.

G. T. Blankenship, Atty. Gen., of Oklahoma, Robert L. McChesney, W. Howard O'Bryan, Jr., and Sam Hellman, Asst. Attys. Gen., for plaintiff in error.

Robert S. Rizley, Crawford, Rizley & Prichard, Tulsa, Roy C. Lytle, Lytle, Soule & Emery, Oklahoma City, for defendants in error.

IRWIN, Justice.

The issue presented is whether the Alcoholic Beverage Control Act, 37 O.S. 1961, §§ 501–575, as amended, prohibits the

issuance of a wholesaler's liquor license to a trustee of a testamentary trust. § 527(9) of the enactment prohibits the issuance of the license if the applicant is not "the real party in interest". We hold that within the purview of this proviso, the beneficiaries of a testamentary trust are "the real party in interest", and not the trustee, and the trustee may not obtain the license.

The facts are: Mary Beth Taylor is a trustee of a testamentary trust. Joseph C. Muskrat and Mary Beth Taylor, Trustee, d/b/a Economy Wholesale Company, a partnership, filed their application for a wholesaler's license with the Oklahoma Alcoholic Beverage Control Board. Board denied the application and on appeal to the District Court, Board's denial of the license was reversed and it was directed to issue the license. Board lodged this appeal.

By constitutional mandate, Art. XXVII, § 3, Oklahoma Constitution, the Legislature shall enact laws providing for the strict regulation for the licensing to sell and selling alcoholic beverages.

37 O.S.1961, § 526, provides that no wholesaler's license shall be issued to a corporation, business trust or secret partnership, nor to individuals, partnerships or limited partnerships, unless such individual or each and every partner, whether a general or limited partner, has been a continuous resident and citizen of this State for at least ten (10) years next preceding the date of application for such license. § 527, sets forth other grounds for refusing to issue a wholesaler's license.

■ The proscriptions contained in the above enactments prohibit the issuance of a license to any type of a partnership unless each and every partner in the partnership possesses the qualifications for a wholesaler's license. Therefore, unless both of the applicants for the wholesaler's license in the case at bar are qualified, the partnership is not entitled to the wholesaler's license.

It is to be noted that a "business trust" is prohibited from obtaining a license. Trustee argues there is no prohibition against a testamentary trust because it is elementary that the mention of one thing is to the exclusion of all others, and had the Legislature intended the prohibition to include all trusts, it would have used the term "trust", which is generic, rather than the term "business trust", which is the particular.

The use of the term "business trust" must be considered in connection with the entire Alcoholic Beverage Control Act. Although § 526 prohibits the issuance of a wholesaler's license to a "business trust", this section also has a provision relating to a business trust, which on April 7, 1959, was engaged by franchise or contract in wholesaling nonintoxicating malt beverages. The terms "business trust", "trust" or "trustee" are not used in any other part of the Act except in § 532. In § 532, the term "trustee" is used in connection with insolvent or bankrupt licensees. Therefore, we must examine other statutory enactments to determine whether or not a wholesaler's license may be issued to a trustee of a testamentary trust.

Section 527(9) provides that the Board shall refuse to issue a wholesaler's license if the applicant is not the real party in interest, or intends to carry on the business authorized by the agent of another. In discussing this proscription, Trustee argues, in effect, that it should be interpreted to mean that the applicant is not the real party in interest if he intends to carry on the business authorized by the license as the agent of another.

■ In our opinion, § 527(9) is clear and unambiguous and unequivocally states that the Board shall refuse to issue a wholesaler's license (1) if the applicant is not the real party in interest, or (2) if the applicant intends to carry on the business authorized by the license as an agent of another.

**920**

60 O.S.1961, § 175.3(K), of the Oklahoma Trust Act, provides that the word "Beneficiary", as used in the Act, means any person entitled to receive from a trust any benefit of whatsoever kind or character. Section 175.18(A), provides that whenever a trustee makes a contract which is within his powers and a cause of action accrues, the party in whose favor the cause of action has accrued may sue the trustee in his representative capacity, and any judgment rendered in such action in favor of the plaintiff shall be collectible by execution out of the trust property. § 175.19 provides that a trustee who has incurred personal liability for a tort committed in the administration of the trust is entitled to exoneration therefor from the trust property under certain conditions therein set forth.

If a wholesaler's license were issued to a trustee, he would conduct the business authorized by the license in a representative capacity. If the business were successful, the profits of the business would inure to the benefit of the beneficiaries; and if not successful, the beneficiaries of the trust, and not the trustee, would sustain the loss.

█ In our opinion, § 527(9), supra, prohibits the issuance of a wholesaler's license to an applicant in a representative capacity to the same extent that it prohibits the issuance of a license to an applicant if the applicant intends to carry on the business as an agent of another.

We hold that the beneficiaries of a testamentary trust, and not the trustee, would be "the real party in interest", within the purview of § 527(9), supra. Since Trustee, in the case at bar, would not be "the real party in interest" she would come within the proscription of § 527(9), supra, and not be entitled to the issuance of the license.

Judgment reversed.

All the Justices concur.